UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Andrew C. Higgins

     v.                                    Civil No. 04-cv-211-PB

Warden, New Hampshire State Prison[1]

**REPORT AND RECOMMENDATION**

    Before the court is Andrew C. Higgins' petition for a writ
of habeas corpus, filed pursuant to 28 U.S.C. § 2254, and
supporting status reports, alleging that his good time credit was
improperly revoked in violation of his right to due process of
law (document nos. 3, 7-8, 10, 12-13 and 15).  Having requested a
stay pending resolution of his state court proceedings, he now
seeks preliminary review of the petition.  See Rule 4 of the
Rules Governing § 2254 Proceedings ("Habeas Rules")(requiring
initial review to determine whether the petition is facially
valid and may be served); see also United States District Court
for the District of New Hampshire Local Rules 4.3(d)(authorizing

---

    [1]As petitioner is in custody at the New Hampshire State
Prison ("NHSP"), I construe the respondent to be the Warden of
the NHSP.  See Habeas Rule 2 (where petitioner is in custody
pursuant to a state judgment, the state officer having custody of
the petitioner shall be named as respondent).

Dockets.Justia.com

the magistrate judge to preliminarily review pro se pleadings).
For the reasons stated below, I recommend that the petition be
dismissed.

Construed liberally, the instant petition alleges two
grounds for habeas corpus relief.[2]  First, the petition alleges
that the NHSP denied Higgins due process when it revoked his good
time credit after the escape charges against him were nol prossed
and in the absence of a conviction or guilty plea (Ground One).
Second, the petition and supporting motion allege that the NHSP
further denied him due process by revoking his good time credit
without affording him a preliminary hearing and by improperly
altering disciplinary documents to support the revocation
determination (Ground Two).

By order of March 10, 2005, I concluded that Higgins had
demonstrated exhaustion of state remedies as to Ground Two of the
petition but failed to demonstrate exhaustion of Ground One.  He
was ordered to amend his petition to demonstrate exhaustion,
delete the unexhausted claim or withdraw his petition pending the
complete exhaustion of state remedies.  Accordingly, the federal
habeas proceedings were stayed pending his exhaustion of state

_____

[2]The detailed facts in this case are set forth in my order
of September 30, 2004.

2

court remedies.  Higgins was further ordered to file a status report every 90 days to inform this court of the status of his state court proceedings.

Higgins has filed several reports and supporting documents (document nos. 7-8, 10, 12-13 and 15), none of which demonstrate that he presented the federal nature of the unexhausted claim to the New Hampshire Supreme Court for review.  It is apparent from a review of the record that with regard to Ground One, no claim of a violation of a federal constitutional or statutory right was presented to the New Hampshire Supreme Court for review.  I conclude, therefore, that Higgins has failed to demonstrate exhaustion of Ground One.  In light of the mixed claims raised by Higgins, I recommend that the petition be dismissed.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the state courts to give them the first opportunity to remedy the claimed constitutional error).

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Unauthorized Practice of Law Committee v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

James R. Muirhead
United States Magistrate Judge

Date: February 8, 2006

cc:   Andrew C. Higgins, *pro se*